IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. BLYTHE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JOSEPH W. BLYTHE, APPELLANT.


Filed March 25, 2025.    No. A-24-667.


Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Angelica W. McClure, of Kotik & McClure Law, for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.


MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Joseph W. Blythe appeals from his plea-based convictions in the district court for Lancaster County of possession of a controlled substance and driving during revocation (subsequent offense). Blythe claims on appeal that he was denied the effective assistance of trial counsel and that the district court abused its discretion by imposing excessive sentences. We affirm.

## II. STATEMENT OF FACTS

In June 2023, Blythe was charged by complaint in Lancaster County Court with possession of a controlled substance, a Class IV felony in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2022); driving during revocation (subsequent offense), a Class IIA felony in violation of Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2020); and operating a motor vehicle to avoid arrest, a Class IV felony in violation of Neb. Rev. Stat. § 28-905(3) (Reissue 2016). The case was

- 1 -

subsequently bound over to district court where Blythe was charged by information with identical counts.

At a plea hearing on May 29, 2024, the State advised the district court of a plea agreement wherein the State would dismiss the charge of operating a motor vehicle to avoid arrest, would not file any additional charges, and would not add the habitual criminal enhancement to eligible offenses in exchange for Blythe's plea to possession of a controlled substance and driving during revocation. Blythe confirmed his understanding of the plea agreement; that no one made any threats, used any force, or made any promises to get him to enter a plea; and that he understood the appropriate sentence was entirely up to the court's discretion.

The district court allowed Blythe to withdraw his not guilty plea and the State arraigned Blythe on the first two counts of the information. Blythe indicated that he understood the charges and possible penalties and entered a plea of no contest to possession of a controlled substance and driving during revocation. The court thoroughly advised Blythe of his various constitutional rights, and Blythe affirmatively indicated that he understood his rights and that he was freely and voluntarily waiving his rights.

Blythe confirmed that he discussed the plea proceedings with his attorney, that his attorney discussed the charges and all possible defenses he might have if he proceeded to trial, that he told his attorney everything he knew about his case, that he had enough time to talk with his attorney about his case, that his attorney had not refused or neglected to do anything that Blythe had asked of him, and that he believed his attorney to be competent and was satisfied with the job his attorney had done.

For the purposes of the factual basis, the State requested that the district court take judicial notice of the probable cause affidavit. Defense counsel provided no objection. The probable cause affidavit generally stated that in June 2023, Blythe had two active warrants for his arrest and a revoked driver's license when he fled from police officers who were attempting to arrest him. Blythe engaged in a chase with police through a residential neighborhood and later when stopped, ignored officer's commands for him to exit his car for several minutes and continued driving toward the officers multiple times. Blythe was searched at the time of his arrest and had three baggies of "suspected methamphetamine" and a hypodermic syringe on his person. Inside the center cupholder of the car, police found an open, half-full can of beer. Blythe's Nebraska driver's license status was found to be revoked for 15 years as of May 2020 due to a conviction of driving during revocation. At the plea hearing, the State noted that lab testing confirmed that the substance in the baggies was methamphetamine.

The district court asked Blythe if he had reviewed "the reports," including the probable cause affidavit, which Blythe confirmed that he had. Blythe indicated that after reviewing the reports, he still wished to enter a plea of no contest to the charges.

The district court found beyond a reasonable doubt that Blythe fully understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charges and the consequences of his plea; that his plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The court also found that Blythe had two valid prior convictions for driving during revocation. The court accepted the plea and found Blythe guilty beyond a reasonable doubt of possession of a controlled substance and driving during revocation (subsequent offense).

At a sentencing hearing held on August 6, 2024, the district court sentenced Blythe to a term of 1 to 2 years' imprisonment for possession of a controlled substance and a term of 4 to 8 years' imprisonment for driving during revocation (subsequent offense). The sentences were ordered to be served consecutively, and Blythe was given 1 day of credit for time served.

Blythe appeals.

## III. ASSIGNMENTS OF ERROR

Blythe assigns that his trial counsel was ineffective in (1) failing to request credit for time served; (2) advising Blythe to waive a preliminary hearing; and (3) failing to challenge the factual basis. Blythe also assigns that the district court abused its discretion by imposing excessive sentences.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

## V. ANALYSIS

### 1. Ineffective Assistance of Trial Counsel

Through different counsel, Blythe contends that his trial counsel provided ineffective assistance in three regards. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024). Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a

petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. German, supra*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

(a) Failure to Request Credit for Time Served

Blythe claims that his trial counsel was ineffective for failing to request credit for his time served prior to "bonding out." Brief for appellant at 14. Blythe was in custody from June 2023 to February 2024, prior to bonding out of jail. However, none of this time was credited toward his sentences in the case at issue, nor did trial counsel argue such to the district court. Blythe asserts that not only did he not receive any credit for time served but he was also prejudiced by this period of incarceration because it impeded his ability to hire counsel of his choice when he believed his court-appointed counsel was ineffective.

The record on appeal is sufficient to address this claim. We agree with the State's argument that Blythe was not entitled to any credit for time served relative to the charges in this case as he was serving sentences in two other criminal cases during the 8-month period from June 2023 to February 2024. He was serving a 90-day sentence in Lancaster County District Court in case No. CR 21-573 from June to August 2023 and serving a 365-day sentence in case No. CR 21-574 from August 2023 to February 2024. Though Blythe argues that the district court had the discretion to run the sentences in this case concurrently with his other sentences, thus allowing the 8-month period to be credited, we note that by the time Blythe was sentenced in this case in August 2024, Blythe had fully served both sentences in his previous criminal cases.

Blythe presents no legal authority for his proposition that the district court had the authority to order sentences from Blythe's 2021 criminal cases and the sentences at issue to be served concurrently. Blythe's trial counsel was not ineffective for failing to argue otherwise. As a matter

of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). This claim fails.

(b) Advising Blythe to Waive Preliminary Hearing

Next, Blythe claims that he waived his right to a preliminary hearing because his trial counsel advised him that the State had indicated it would add a habitual criminal enhancement to Blythe's charges if the hearing was not waived. Blythe alleges that his trial counsel was ineffective for not adequately explaining the consequences of this waiver and contends that at a preliminary hearing, trial counsel could have successfully shown that there was no probable cause to charge Blythe with the felony offenses.

The purpose of a preliminary hearing is to ascertain whether a crime has been committed and whether there is probable cause to believe the accused committed it. *State v. Archer*, 307 Neb. 330, 948 N.W.2d 762 (2020). If after a preliminary hearing the court finds that a crime has been committed and there is probable cause to show that the accused committed it, the effect of the hearing is to hold the accused for trial. *Id*.

The record on appeal is sufficient to address this claim. Blythe argues that at a preliminary hearing, his trial counsel could have provided additional facts which would have contextualized his offenses. Blythe does not explain how these additional facts would refute the evidence contained in the probable cause affidavit to the extent that probable cause would not be found. At the plea hearing, Blythe affirmed that after reviewing the probable cause affidavit he wanted to enter a plea of no contest. In his brief on appeal, Blythe likewise appears to concede that the State's evidence was sufficient to support his convictions. Thus, trial counsel was not deficient in advising Blythe to waive his right to preliminary hearing to avoid a habitual criminal enhancement. This claim fails.

(c) Failure to Challenge Factual Basis

Lastly, Blythe claims that his trial counsel was ineffective for failing to challenge the factual basis. Blythe contends that he discussed several discrepancies in the probable cause affidavit with his trial counsel, including that a confidential informant had requested that Blythe run an errand, knowing that Blythe's bike had been recently vandalized, resulting in Blythe's entrapment. Blythe also contends that he initially did not realize the police were attempting to stop him as they were traveling in unmarked cruisers, and that police mischaracterized the nature in which he fled. He asserts that these details should have been considered by the district court and would have affected Blythe's sentences.

First, the record refutes Blythe's allegation that his trial counsel should have challenged the factual basis. As we noted above, at the plea hearing, Blythe confirmed that he had an opportunity to review the police reports and the probable cause affidavit that formed the factual basis for his plea. Blythe agreed that knowing what the reports and affidavit said, he still wished to enter a plea of no contest. Second, to the extent that Blythe argues that the above mitigating factors would have impacted the sentences he received, we disagree. As we note below, the district court considered the lengthy presentence investigation report prepared in this case. Of particular significance to the court was Blythe's lengthy criminal record. Blythe's sentences were within the statutory limits; the sentence for the Class IIA felony was on the low end of the sentencing range.

Blythe cannot show a reasonable probability that his sentence would have been different had trial counsel pointed out the alleged mitigating factors. This claim fails.

## 2. EXCESSIVE SENTENCE

Blythe also claims that the district court abused its discretion when it imposed excessive sentences.

When a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Barnes*, 317 Neb. 517, 10 N.W.3d 716 (2024). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (sentencing court is accorded very wide discretion in imposing sentence).

Blythe was convicted of possession of a controlled substance, a Class IV felony. A Class IV felony is punishable by a maximum of 2 years' imprisonment and 12 months' post-release supervision, a fine of $10,000, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). For this offense, Blythe was sentenced to 1 to 2 years' imprisonment. Blythe was also convicted of driving during revocation (subsequent offense), a Class IIA felony. A Class IIA felony is punishable by a maximum of 20 years' imprisonment. See § 28-105. For this offense, Blythe was sentenced to 4 to 8 years' imprisonment. Blythe's sentences are thus within the statutory limits.

Blythe nevertheless claims that the district court abused its discretion, arguing that the district court failed to consider Blythe's age and that his actions lead to no reported damage or serious harm to the public.

A nearly 400-page presentence investigation report (PSR) was prepared in advance of the sentencing hearing. The PSR shows that Blythe was 60 years old at the time the report was prepared, was widowed with no dependents, had completed 1 year of college, and had previously been employed as an at-home caretaker. Blythe has an extensive, 40-year criminal history, including nine convictions for driving while intoxicated; four convictions of driving during revocation; three convictions of attempted possession of a controlled substance; and three convictions of hinder, delay, or interrupt arrest. Blythe did not report for his scheduled presentence interview. However, on a Level of Service/Case Management Inventory administered in 2021 during a presentence interview for a previous criminal case, Blythe scored in the overall very high risk to reoffend category.

At the sentencing hearing, the district court indicated that it had reviewed the PSR, which contained the mitigating factors argued by Blythe. The court described Blythe's criminal history as "terrible" and noted that "it does not appear that you intend to ever stop driving, much less stop drinking and driving, and so it is very difficult to consider anything other than a sentence that will

protect the public." The court stated that it had considered the nature and circumstances of Blythe's crimes, as well as his history, character, and condition. The court found that imprisonment of Blythe was necessary for the protection of the public because the risk was substantial that during any period of probation Blythe would engage in additional criminal conduct, and because a lesser sentence would depreciate the seriousness of Blythe's crime and promote disrespect for the law.

We find no abuse of discretion by the district court in the sentences imposed.

## VI. CONCLUSION

Blythe's claims that his trial counsel was ineffective in failing to request credit for time served, in advising Blythe to waive a preliminary hearing, and in failing to challenge the factual basis, are refuted by the record. The district court did not abuse its discretion in the sentences imposed. Blythe's convictions and sentences are affirmed.

AFFIRMED.